UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

JAVIER BENITEZ,

Defendant.

---

18-CR-390 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

Defendant Javier Benitez has moved for his compassionate release from Federal Correctional Institution ("FCI") Fort Dix pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents for inmates. *See* Dkt. 484 ("Def. Ltr."); Dkt. 488 ("Def. Mem."). The Government opposes this request. Dkt. 491 ("Gov't Mem."). For the reasons that follow, Benitez's motion is denied.

Benitez was involved in a large-scale drug trafficking conspiracy between 2015 and 2018, selling heroin, mixed with fentanyl, as a street-level dealer. *See* Dkt. 406 ("Sent. Tr.") at 30–31. On December 21, 2018, Benitez pled guilty to one count of conspiracy to distribute, and to possess with intent to distribute, heroin and fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. *See* Dkt. 212; Gov't Mem. at 3. On July 17, 2019, the Court sentenced Benitez to a below-guidelines sentence of 70 months' imprisonment, to be followed by three years' supervised release. Sent. Tr. at 10, 41; *see* Dkt. 398 (judgment). Benitez has been in custody since his arrest on June 5, 2018. Gov't Mem. at 3. The parties dispute whether Benitez's estimated release date is November 26, 2022, *see* Def. Mem. at 2, or May 26, 2023, *see*

Gov't Mem. at 3.  It is undisputed, however, that Benitez has served less than half of his sentence.

On May 26, 2020, Benitez filed a request for compassionate release with the warden of FCI Fort Dix based on concerns that his medical conditions put him at a heightened risk for complications from COVID-19.  *See* Gov't Mem. at 3.  On June 6, 2020, the Bureau of Prisons ("BOP") denied Benitez's request.  *See id.*  On July 2, 2020, the Court received a *pro se* motion from Benitez seeking early release in light of the COVID-19 pandemic.  Def. Ltr.  On July 16, 2020, Benitez's counsel filed a memorandum in support of the motion for compassionate release. Def. Mem.  On July 20, 2020, the Government filed its opposition to Benitez's request.  Gov't Mem.

Benitez, who is age 37, *see* Gov't Mem. at 10, asks the Court to convert his remaining period of incarceration to a term of home confinement, on account of the risk COVID-19 poses to him, *see* Def. Mem. at 13.  Specifically, he alleges that he suffers from chronic asthma, as well as past and present medical issues, including high cholesterol, degenerative disk disease, bipolar disorder, schizophrenia, clinical depression, substance abuse dependency, and a fractured femur suffered in late 2018.  Def. Mem. at 11.  The Government opposes Benitez's early release.  It argues that Benitez's motion should be denied because a reduction in his sentence is not supported under the § 3553(a) factors.  *See* Gov't Mem. at 2.[1]

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce a defendant's sentence if it finds that "extraordinary and

---

[1] The Government does not contend that Benitez has failed to exhaust his administrative remedies.

compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence.  *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (citing 28 U.S.C. § 994(t)).  Relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[2]  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement.  *Id.* § 1B1.13(2)–(3).

The first of these factors favors, to a degree, Benitez's early release.  The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation.  It presents a clear and present danger to free society for reasons that need no elaboration.  The crowded nature of federal detention centers presents an outsize risk that the COVID-19 contagion, once it gains

---

[2] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *See Ebbers*, 432 F. Supp. 3d at 422–23, 427.

entry, will spread.[3]  And, realistically, a high-risk inmate who contracts the virus while in prison

will face challenges in caring for himself.  For these reasons, in the past months, numerous

courts, including this one, have ordered the temporary release of inmates held in pretrial or

presentencing custody[4] and, in more limited instances, the compassionate release of high-risk

inmates serving federal sentences.[5]

---

[3] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020, updated May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, --- F. Supp. 3d ---, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020) (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

[4] *See, e.g.*, *United States v. Chandler*, --- F. Supp. 3d ---, No. 19 Cr. 867 (PAC), 2020 WL 1528120, at *1–3 (S.D.N.Y. Mar. 31, 2020) (granting bail application, pursuant to 18 U.S.C. § 3142(i), of defendant charged with being a felon in possession of a firearm); *United States v. McKenzie*, --- F. Supp. 3d ---, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2–3 (S.D.N.Y. Mar. 26, 2020) (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded to a narcotics offense); *cf. United States v. Stephens*, --- F. Supp. 3d ---, No. 15 Cr. 95, 2020 WL 1295155 (AJN), at *3 (S.D.N.Y. Mar. 19, 2020) (granting defendant's request for reconsideration of bail conditions and releasing him to home confinement, while noting that, in the alternative, § 3142(i) would necessitate his temporary release).

[5] *See, e.g.*, *United States v. Davies*, No. 18 Cr. 390 (PAE), Dkt. 479 at 4–7 (S.D.N.Y. June 26, 2020) (ordering compassionate release of elderly defendant, who had serious medical conditions and played low-level role in drug trafficking conspiracy); *United States v. Brown*, No. 18 Cr. 390 (PAE), Dkt. 472 at 4–7 (S.D.N.Y. June 17, 2020) (same); *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 at 2–4 (S.D.N.Y. Apr. 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a four-month sentence); *United States v. Hernandez*, --- F. Supp. 3d ---, No. 18 Cr. 834 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence, was scheduled for release in four months, and was not a danger to the public).

Among other conditions, the Centers for Disease Control ("CDC") warns that persons with asthma[6] have an elevated risk of serious illness if they contract the disease. Benitez has chronic asthma. *See* Def. Mem. at 11. The Government agrees that Benitez "has supplied a basis for finding that extraordinary and compelling circumstances exist under Section 3582 based on his medical conditions." *See* Gov't Mem. at 10. However, the Government disputes that a reduction in his sentence is supported under the § 3553(a) factors. *See id.* at 2. The Court agrees that Benitez's release is unjustified for two independent reasons.

First, the Court cannot find that Benitez "is not a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), as is required for compassionate release. As discussed by the Court in detail at Benitez's sentencing, which the Court incorporates here by reference, Benitez sold heroin laced with fentanyl during an opioid epidemic. *See* Sent. Tr. at 31–32. His conduct was sufficiently "gravely serious and so terribly destructive to society," *id.* at 31, that, the Court determined, "the public will benefit while [Benitez] [is] in prison" because they will not be "exposed to the risk that [he] would resume selling narcotics, like heroin and fentanyl, to them," *id.* at 38.

Although the Court is cognizant of Benitez's own struggles with addiction, this incident is not the first time that Benitez has been a threat to public safety, and he has a history of violent conduct. *See id.* at 34–35. Benitez's criminal history includes involvement in murder, attempted kidnapping, and robbery; possession of a loaded firearm; and drug offenses. *See id.* The Court emphasized at sentencing that, unlike the majority of the defendants in this case whose prior offenses involved drug possession and/or distribution, Benitez's criminal history contained

---

[6] *See People of Any Age with Underlying Medical Conditions*, Ctrs. for Disease Control and Prevention (Mar. 17, 2020, updated June 25, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

violence and was "concerning because it's varied." *See id.* For these reasons, the Court, at sentencing, found that specific deterrence necessitated a meaningful sentence along the lines of the sentence imposed, as none of Benitez's earlier terms in prison had served as effective wake-up calls. *See id.* at 35. The same logic applies equally today. The Court is therefore unpersuaded that Benitez, if released, would not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Independently, the third factor—an analysis of how the § 3553(a) factors currently apply—also counsels against Benitez's release at this time. Benitez has served less than half of the sentence the Court earlier found the § 3553(a) factors to require. To be sure, one § 3553(a) factor today weighs more heavily in favor of release than at the time of sentencing: "the need to provide the defendant with needed . . . medical care." 18 U.S.C. § 3553(a). But the Court cannot find that a sentence reduction on the order Benitez seeks would result in a sentence commensurate with "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct." *See* 18 U.S.C. § 3553(a). In addition to the need for specific deterrence and the protection of the public, discussed above, the Court found that a significant sentence along the lines of that imposed would further general deterrence. As the Court explained:

> Heroin dealing, including heroin laced with fentanyl, is [an] epidemic in this city and in this country, and so it's important that the message go out from the sentencings in these cases, taken as a whole, that there will be serious consequences and meaningful jail time for people who distribute such drugs, and that's especially important for people who played a sustained role, even at a low level, in a drug organization.

*Id.* at 33. Benitez's conduct as "an active and engaged member of the conspiracy," *see* Sent. Tr. at 30–31, was serious and dangerous, leading the Court to conclude that a 70-month sentence

necessary to satisfy the § 3553(a) factors. *Id.* at 40–41. That assessment remains apt. The COVID-19 pandemic does not change the Court's determination that a term of 70 months' imprisonment is the just and reasonable sentence.

Benitez's case stands in sharp contrast to those in which the Court has ordered the release of heightened-risk inmates. In a number of cases, where an inmate seeking release had served most of his or her term of incarceration, the Court has found that a fresh assessment of the § 3553(a) factors justified early release.[7] Benitez, on the other hand, is not yet at the midway point of his sentence.[8]

Accordingly, finding that Benitez continues to pose a danger to the community and that the § 3553(a) factors, considered in combination, do not support a reduction of his sentence, the Court denies Benitez's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

---

[7] *See, e.g.*, *United States v. Knox*, No. 15 Cr. 445 (PAE), Dkt. 1088 (S.D.N.Y. April 10, 2020) (defendant had served all but seven months of an 88-month sentence and was eligible for home confinement in two weeks' time); *Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (defendant had served all but 34 days of a four-month sentence and had an immune-inflammatory disease); *United States v. Hernandez*, - F. Supp. 3d ---, No. 18 Cr. 834 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. April 2, 2020) (defendant had served 17 months of a 24-months sentence).

[8] *See, e.g.*, *United States v. Nissen*, No. 17 Cr. 477 (PAE), 2020 WL 2614825, at *3 (S.D.N.Y. May 22, 2020) (denying compassionate release motion and finding that a reduction of a 27-month sentence to seven months would be "highly inconsistent" with the 3553(a) factors); *United States v. Butler*, No. 18 Cr. 834 (PAE), 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (denying compassionate release motion for lower-ranking Nine Trey defendant diagnosed with asthma and a cardiac condition where defendant had served only 15 months of a 60-month sentence); *United States v. Credidio*, No. 19 Cr. 111 (PAE), Dkt. 62 (S.D.N.Y. Mar. 30, 2020) (for similar reasons, denying compassionate release motion for a defendant at heightened risk of COVID-19 who had served just two months of a 33-month sentence).

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: July 23, 2020
       New York, New York